JTW: 04.30.24
PCM/KD: USAO#2024R00200



USDC- BALTIMORE
'24 JUN 4 PM 12:38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v.  * | CRIMINAL NO. DKC 24cr180 |
| * | |
| JARREL FORD, * | (Possession of a Firearm and |
| * | Ammunition by a Prohibited Person, |
| Defendant. * | 18 U.S.C. § 922(g)(1); Forfeiture, 18 |
| * | U.S.C. § 924(d), 21 U.S.C. § 853(p), |
| * | 28 U.S.C. § 2461(c)) |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
(Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about ~~January 30~~ February 6, 2024, in the District of Maryland, the Defendant,

**JARREL FORD,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Smith & Wesson M&P Shield EZ 9mm semi-automatic pistol, with serial number RFW3681; and five rounds of 9mm caliber ammunition; and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under the offense charged in Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense, including but not limited to:

   a. a Smith & Wesson M&P Shield EZ 9mm semi-automatic pistol, with serial number RFW3681; and

   b. approximately five rounds of 9mm caliber ammunition.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

6/4/24

Date