

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Patricia McLane*  
*Assistant United States Attorney*  
*Patricia.McLane@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4942*  
*MAIN: 410-209-4800*  
*FAX: 410-962-0717*

January 23, 2025

The Honorable Deborah K. Chasanow  
United States District Court Judge  
District of Maryland  
6500 Cherrywood Lane  
Greenbelt, MD 20770

   Re: Sentencing in *United States v. Jarrel Ford,*  
     Crim. No. DKC-24-180

Dear Judge Chasanow:

  The Defendant, Jarrel Ford, is scheduled for sentencing on February 6, 2025. The Government believes a **40-month** sentence is sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## I. UNITED STATES SENTENCING GUIDELINES

  The Government agrees with the guidelines calculation and criminal history as reported in the Presentence Report ("PSR"). ECF 36, PSR at ¶ 27. The Government further agrees that the Defendant's criminal history category is IV. *Id.* at ¶ 38. Therefore, with a total offense level of 17 and a criminal history category IV, the guidelines are 37-46 months' incarceration. *Id.* at p. 19.

  A sentence of 40 months' incarceration is appropriate after considering the factors pursuant to 18 U.S.C. § 3553(a); it is within the parties' agreed-upon range outlined in the plea agreement; and it is the sentence recommended by the U.S. Probation Office. *Id.*

## II. THE RELEVANT SECTION 3553(a) FACTORS

  A sentence of 40 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a). A period of incarceration is necessary to provide just punishment, afford adequate deterrence, and protect the public.

 **A. Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant**

The nature and circumstances of the offense are serious given that possession of a firearm, regardless of the reason, can end in violence. Moreover, because the Defendant is specifically prohibited from possession several times over, the Defendant violated the law every single day he had the firearm. And the Defendant committed all these crimes while on probation.

Whether the Defendant believed he had a legitimate reason to possess the weapon (protection) is irrelevant. He is simply not allowed to possess a firearm. A period of incarceration is necessary to reflect the seriousness of this crime, and protect the public.

### B. History and Characteristics of the Offender

The Defendant has five prior adult convictions, including a possession of a handgun at the age of 18. He is now 29 and is on probation for an assault that included a handgun. *Id.* at ¶ 35. The Defendant has positive qualities as outlined in his sentencing memo, but this need to possess a firearm is not one of them. He clearly understands this conviction is the last stop – he must now choose to turn away from crime or he will be back in court. He has been employed, and except for one blip in August, he has behaved while on pre-trial release. *Id.* at ¶¶ 58-61, 55. However, his actions after being caught cannot erase the fact that he continued to possess a firearm while on probation. *Id.* at ¶ 38. 40 months' incarceration will provide time for the Defendant to focus on a career and gain important skills to prosper upon release.

To his credit, the Defendant's quick and timely admission of guilt saves the Government time and resources. Further, the Government credits the steps taken by the Defendant to improve while on pre-trial release. Accordingly, the Government's recommendation reflects his efforts.

### C. The Need to Afford Adequate Deterrence.

Taking deterrence into account, the Government hopes a 40-month sentence is the appropriate sentence in this case. The longest sentence the Defendant served to date is 540 days, and that was for violating at least one state probationary period. *Id.* at ¶ 33. This amount of incarceration is warranted because of the seriousness of the crime he admits to committing, and the first significant sentence for a substantive crime.

Further, imposing a 40-month sentence promotes general deterrence while not being greater than necessary. This sentence tells others that if you are given a second chance, take it. A third chance is not a guarantee. Under all these circumstances, a 40-month sentence is the appropriate sentence in this case to reflect the Defendant's history and characteristics and to afford adequate deterrence.

### IV. CONCLUSION

For these reasons, the Government respectfully submits that variant sentence of 40-months' imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a).

Very truly yours,

Erek L. Barron
United States Attorney

_____/s/_____
Patricia McLane
Assistant United States Attorney

3